UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
UNITED STATES OF AMERICA,               :
                                        :      04 Cr. 1110 (DLC)
            -v-                         :
                                        :
ANGELO DIPIETRO,                        :      OPINION & ORDER
      a/k/a "Fat Angelo,"               :
                  Defendant.            :
                                        :
----------------------------------------X

Appearances:

For United States of America:

Jennifer G. Rodgers
Assistant United States Attorney
U.S. Attorney's Office
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007

For Defendant:

Joseph A. Bondy
20 Vesey Street, Suite 1200
New York, New York 10007


DENISE COTE, District Judge:

     An Opinion of November 6, 2009, denied the second motion

for a new trial filed by Angelo DiPietro ("DiPietro").  United

States v. DiPietro, No. 04 Cr. 1110(DLC), 2009 WL 3711661

(S.D.N.Y. Nov. 6, 2009) ("November Opinion").  DiPietro has

moved for reconsideration.  For the following reasons, the

motion for reconsideration is denied.

As described in the November Opinion, which is incorporated by reference here, DiPietro pressed four grounds for a new trial on the theory of newly discovered evidence.  In this motion for reconsideration, he contends that the Court should reconsider its ruling on two of those grounds.

First, DiPietro argues that the November Opinion reflects this Court's mistaken belief that the order issued by the Honorable Shirley Wohl Kram in a separate prosecution of DiPietro had been executed.  On March 18, 2009, Judge Kram ordered the unsealing and docketing of certain documents in United States v. DiPietro, No. 02 Cr. 1237-01(SWK).  The November Opinion included the observation that, "[d]espite that massive unsealing, DiPietro cannot point to any document which should have been, but was not, disclosed as Jencks Act material" in connection with the trial of DiPietro before this Court. DiPietro reports that, despite the issuance of the March 18 order, the documents covered by the March 18 order have never in fact been unsealed.[1]  This mistake in the November Opinion does not affect the soundness of the result reached in that opinion. DiPietro's motion for a new trial did not identify any newly

_____

[1] Judge Kram's case is now assigned to the Honorable Richard Holwell.  Any applications regarding the status of the docket in that case must be made to Judge Holwell.  On December 22, and with the Government's consent, this Court ordered the Government to work with the Clerk's Office and Judge Holwell to ensure that all documents in 02 Cr. 1237 that should be unsealed are unsealed and docketed.

discovered evidence which the Government should have, but did not, provide to DiPietro as impeachment material in the course of the trial against him before this Court.

Secondly, DiPietro asserts that he has a good faith basis to argue that a witness ("Witness") against him in the trial before this Court committed statutory rape. DiPietro further contends that the Government should have sought the Witness' prosecution in state court for this offense and that their failure to do so was a benefit to the Witness that was undisclosed to DiPietro. In addition, DiPietro contends that if the Witness lied about the sexual offense when questioned by the Government, then the Government had a duty to disclose that lie as Giglio material. DiPietro adds that the Witness may also have been cooperating with the Westchester County District Attorney's Office. DiPietro asks for a hearing to investigate all of these facts.

DiPietro's arguments in connection with his second point do not merit reconsideration. He has not pointed to any fact or argument that the November Opinion overlooked or any error of law. Moreover, DiPietro ignores the various alternative grounds on which the November Opinion relied in rejecting his arguments concerning the Witness and the statutory rape issue.

CONCLUSION

DiPietro's November 18, 2009 motion for reconsideration is denied.

SO ORDERED:

Dated:     New York, New York
           December 23, 2009

_____
DENISE COTE
United States District Judge